## Commonwealth v. Poley No. 2

*Richardson Dilworth,* district attorney, for Commonwealth.

*Jacob Kossman,* for defendant.

CRUMLISH, J., June 1, 1954.—The above matter is before us on petition to quash indictments, answer thereto, and Commonwealth's petition to dismiss the motion to quash and reply thereto.

Defendant's original petition to quash came on for hearing before Kun, P. J. It contained 12 reasons why the prayer of the petition should be granted. Kun, P. J., in quashing the indictment (87 D. & C. 129) said, inter alia:

"The petitioner has raised many interesting questions as to the propriety of the proceeding against him, but we will limit ourselves to the consideration of reason number 8, in which he avers that the hearing on the warrant for his arrest, issued on the complaint of a county detective attached to the district attorney's office, was illegally held before a magistrate, in his private office, who had no jurisdiction to hear the charge. If that is so, the proceeding as to the defendant was coram non judice, null and void and of no effect, and the petition to quash the indictments will have to be granted."

The Superior Court in reversing opinion by Reno, J., made no references or express rulings on reasons raised by defendant in his petition except the one expressly upheld by the lower court, the so-called "reason number 8": Com. v. Poley, 173 Pa. Supreme Ct. 331.

What defendant now seeks to do it to argue the remaining 11 reasons raised in his original petition to quash and to secure express rulings thereon.

After careful consideration we reached the conclusion that the Superior Court, having had the entire record before it sur appeal from ruling of Kun, P. J., considered all the reasons assigned originally by defendant and found them to be without merit.

Accordingly, we dismissed defendant's petition to quash and sustained the Commonwealth's petition.